# Prince & Blackman v. Bissinger.

## *Action for Damages for the Breach of a Contract.*

1. *New trial; excessive damages.*—In an action by contractors for re-
fusing to permit them to perform the contract to build storehouses
for defendants, at the gross price of $4,500, where one of the plain-
tiffs, as a witness, estimated the cost to build at $3,040, but omitted
from his estimate certain items of cost to his firm, the propriety of
including which was not questioned when testified to by an expert,
who placed their cost at $1,100, a judgment for the plaintiff in the
sum of $500 is excessive; and the court, on plaintiff's refusal to abate
their judgment to the extent of $150, properly grants a new trial, on
motion of the defendant.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by the appellants, Prince &
Blackman, to recover from S. Bissinger, the defendant,
for the breach of a contract entered into by the plaintiffs
and the defendant; and was commenced by attachment.
The facts of the case are sufficiently stated in the opin-
ion. The appeal is prosecuted by the plaintiffs from a
judgment of the circuit court granting a new trial on
the motion of the defendant, on the grounds, among
others, that the damages assessed by the verdict of the
jury, and in the judgment rendered thereon, were exces-
sive.

H. L. MARTIN and H. H. BLACKMAN, for appellants.

BORDERS & CARMICHAEL, *contra.*

McCLELLAN, J.—Prince & Blackman, on the theory
that they had entered into a contract with Bissinger to
build two certain storehouses in the town of Ozark for
the gross sum of $4,500, and that Bissinger had violated
the contract and refused to allow them to perform their
part of it, bring this suit to recover $800 damages, which
they claim would have been their net profits, had they
been permitted to build the house according to the plans

[Town of Luverne v. Shows.]

and specifications alleged to have been agreed upon. The jury returned a verdict for $500 in favor of plaintiffs, and judgment was entered accordingly. On motion of defendant, the plaintiffs declining to abate their judgment to the extent of $150, the judgment was set aside, and a new trial granted on the ground that the verdict was excessive. We think this action of the court was free from error. The witness for plaintiffs, Prince, one of them, omitted from his estimate of the cost to his firm of erecting the building several items which manifestly should have been included, and the propriety of including which was not questioned when they were deposed to by Tye, a disinterested and expert witness for the defendant. Without these items the aggregate of the estimated cost as testified by Prince was about $3,040. The aggregate of these improperly omitted items was about $1,100, which, added to the patently faulty estimate of Prince, made the total cost $4,140. This sum deducted from the contract price of $4,500 leaves a balance of $360 only, instead of $500, for which verdict was returned. To this conclusion the evidence was substantially without conflict. There was conflict in the evidence as to the amount of each item embodied in the estimate of Prince, but in the conclusion we have reached it has been assumed that the estimate of that witness, so far as it went, was correct. Whether that estimate or Tye's in respect of the items common to both was correct was a question for the jury, whose finding upon it should not be and has not been disturbed by the court.

The judgment of the court granting a new trial is affirmed.